**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JORGE LUIS TORRES, on behalf of himself and other similarly situated persons, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| GUY SCOPELLITI ORIGINAL LANDSCAPING CO., INC., | ) ) ) ) | Magistrate Judge |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Jorge Luis Torres, through his attorneys, for his Complaint against Defendant Guy Scopelliti Original Landscaping Co., Inc., states as follows:

**INTRODUCTION**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), and the Illinois Prevailing Wage Act, 820 ILCS 130/1 *et seq.*("IPWA") for Defendant': (1) failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks in violation of the FLSA and the IMWL, (2) failure to pay Plaintiffs and other similarly situated employees at the least the federal and Illinois-mandated minimum wages for all time worked in violation of the FLSA, and the IMWL failure to pay Plaintiff and other similarly situated employees for all time worked at the rate agreed to by the Parties in violation of the IWPCA, and (3) failure to pay Plaintiff and other similarly

situated employees at the Illinois-mandated prevailing wage rate for work performed in various public works projects in violation of the IPWA.

2. For claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA. For claims arising under the IMWL, the IWPCA, and the IPWA, Plaintiff will seek to certify those claims as class actions pursuant to Fed. R. Civ. P. 23(a) and (b). A copy of Plaintiff's consent to bring his claim as a representative action is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

3. This court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district because Defendant' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

**A. Plaintiff**

5. During the course of his employment, Plaintiff:
   a. has handled goods that moved in interstate commerce;
   b. was employed by Defendant as an "employee" within the meaning of the FLSA, the IMWL, the IWPCA, and the IPWA;
   c. has been a worker, laborer or mechanic work on public works project as defined by the IPWA.

**B. Defendant**

6. During the relevant time period, Defendant Guy Scopelliti Original Landscaping Co., Inc.:

    a. has been a corporation organized under the laws of the State of Illinois;

    b. has conducted business in Illinois and within this judicial district;

    c. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes;

    d. has had two or more employees who have handled goods which have moved in interstate commerce;

    e. has been Plaintiff's "employer" as defined by the FLSA, the IMWL, the IWPCA, and the IPWA.

    f. was a contractor on multiple public works projects from June 19 13, 2009 to the present; and

    g. employed Plaintiff and other similarly situated employees as "laborers, workers, or mechanics" on multiple public works projects in Illinois, as defined by the IPWA, 820 ILCS 130/2.

## FACTUAL BACKGROUND

7. During the relevant time period, Plaintiff and other similarly situated employees have been employed by Defendant in Illinois in one or more individual work weeks.

8. During the relevant time period, Plaintiff has worked for Defendant within this judicial district performing landscaping work.

9. During the relevant time period, other similarly situated employees were hired by Defendant to work as laborers in landscaping work throughout Illinois, including in this judicial district.

10. During the relevant time period, Plaintiff and other similarly situated employees had an agreement with Defendant to be compensated for all time worked at the rate agreed to by the Parties.

11. During the relevant time period, Plaintiff and other similarly situated employees were regularly not paid for all time worked for Defendant. For instance:

   a. Plaintiff was regularly not compensated for work performed before the start of his regularly scheduled shift

   b. Plaintiff was not paid for compensable travel time to and from Defendant's primary place of business and the different work sites.

   c. Plaintiff was regularly not compensated for work performed at Defendant's primary place of business after returning from different work sites at the end of his regularly scheduled shift.

12. Defendant's failure to compensate Plaintiff and other similarly situated employees for all time worked resulted in a failure to pay Plaintiff and other similarly situated employees at time and a half their regular rate of pay for all hours worked in excess of forty (40) hours per week during individual work weeks.

13. Defendant's failure to compensate Plaintiff and other similarly situated employees for all time worked resulted in a failure to pay Plaintiff and other similarly situated employees at least federal and Illinois mandated minimum wage for all time worked during individual work weeks.

14. Defendant's failure to compensate Plaintiff and other similarly situated employees for all time worked at the rate agreed to by the Parties was in violation of the IWPCA.

15. During the course of Plaintiff's employment, Defendant made deductions from Plaintiff's wages for uniform costs. These deductions: (1) were not required by law; (2) were not to Plaintiff's benefit; and (3) were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

16. The above referenced deductions for uniform costs described in paragraph 15 violated the IWPCA.

17. During the relevant time period, Defendant was contractor or subcontractor that performed construction and landscaping work on public works projects, as defined by the IPWA, including, but not limited to public works projects performed at:

    a. Everett Elementary School, 1111 Everett School Road, Lake Forest, IL;

    b. Lake Forest High School – West Athletic Campus, 300 S. Waukegan Road, Lake Forest, IL;

    c. Highland Park High School, 433 Vine Avenue, Highland Park, IL;

    d. Forest Park, 801 North Lake Road, Lake Forest, IL; and

    e. Northcroft Park, 1365 South Ridge Road, Lake Forest, IL.

18. During the relevant time period, Plaintiff and other similarly situated employees worked for Defendant in one or more individual work weeks on public works projects as referenced in paragraph 17, supra.

19. During the relevant time period, Defendant failed to pay Plaintiff and other similarly situated employees at the stipulated prevailing wage rate for all time Plaintiff and other similarly situated employees worked on public works projects.

## CLASS ACTION ALLEGATIONS

20. Plaintiff will seek to certify as class actions pursuant to FRCP Rule 23 his state law claims arising under the IMWL for overtime wages (Count II), and for minimum wages (count IV) arising under the IWPCA for unpaid earned wages and unlawful deductions (Counts V- VI), and under the IPWA for unpaid prevailing wages (Count VII). Plaintiff will ask the Court to determine the rights of the parties pursuant to those statutes and to direct Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

21. Counts II, IV, and V-VII are brought pursuant to Fed. R. Civ. P. 23(a) and (b) because:

    a. The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed approximately one hundred (100) individuals as employees during the IMWL, the IWPCA, and the IPWA Class Periods.

    b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of fact and law include, without limitation:

        i. Whether Defendant failed to pay Plaintiff and the Class for all time worked in individual work weeks at the rate agreed to by the Parties during the IWPCA Class Period;

        ii. Whether Defendant failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

       iii.      Whether Defendant failed to pay Plaintiff and the Class minimum wages for all time worked during individual work weeks

       iv.      Whether Plaintiff and the Class performed work for Defendant on public works projects; and

       v.      Whether Defendant failed to compensate Plaintiff and the Class at the prevailing wage rate for work performed on public works projects.

    c.    The class representative and the members of the class have been equally affected by Defendant's failure to pay overtime wages, minimum wages prevailing wages, and other earned wages.

    d.    Members of the class will be reluctant to bring forth claims for unpaid wage violations for fear of retaliation.

    e.    The class representative, class members, and Defendant have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating hardship on the class members, Defendant, and the Court.

22.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of the FLSA – Overtime Wages**
**Plaintiff on behalf of himself and other similarly situated employees**
*Section 216(b) Collective Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 22 of this Complaint as though set forth herein.

23. This Count arises from Defendant' violation of the FLSA for Defendant's failure to pay Plaintiff and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, as described more fully in paragraphs 11-12, *supra*.

24. Defendant directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

25. Plaintiff was not exempt from the overtime provisions of the FLSA.

26. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

27. Defendant did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

28. Defendant directed other similarly situated, non-exempt laborers to work in excess of forty (40) hours in individual work weeks who were likewise entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

29. Defendant did not pay other similarly situated employees overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks.

30. Defendant's failure to pay Plaintiff and other similarly situated employees the overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

31. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. Plaintiff's consent to represent is attached hereto as Exhibit A;

B. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendant has violated the FLSA;

E. That the Court enjoin Defendant from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the IMWL – Overtime Wages**
**Plaintiff on behalf of himself and other similarly situated employees**
*Class Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 31 of this Complaint as though set forth herein.

32. This Count arises from Defendant's violation of the IMWL for Defendant's failure to pay Plaintiff and other similarly situated employees one and a half times their regular rate of pay for all hours worked in excess of forty (40) hours in individual work weeks, as described more fully in paragraphs 11-12, *supra*.

33. Defendant directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

34. Plaintiff was not exempt from the overtime provisions of the IMWL.

35. Plaintiff was entitled to be paid overtime wages for all hours worked in excess of forty (40) hours in individual work weeks.

36. Defendant did not pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours in individual work weeks.

37. Defendant likewise directed other, similarly situated, non-exempt, employees to work in excess of forty (40) hours in individual work weeks and who were likewise entitled to be paid overtime wages for all hours worked in excess of forty (40) hours in individual work weeks.

38. Defendant did not pay other similarly situated employees the overtime wages for all hours worked in excess of forty (40) hours worked in individual work weeks.

39. Defendant's failure to pay Plaintiff and other similarly situated employees overtime wages for all hours worked in individual work weeks was a violation of the IMWL.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff and the Class are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit.

41. The Class that Plaintiff seeks to represent in regards to the overtime wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendant since June 18, 2011 and up through the entering of a final judgment in this matter and who have not been paid overtime wages for all hours worked in excess of forty (40) hours in individual work weeks.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all overtime wages due to Plaintiff and the Class as provided by the IMWL;

C. Statutory damages for Plaintiff and the Class pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendant has violated the IMWL;

E. That the Court enjoin Defendant from violating the IMWL

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

G. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the FLSA – Minimum Wages**
**Plaintiff on behalf of himself and other similarly situated employees**
*Section 216(b) Collective Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 41 as though set forth herein.

42. This Count arises from Defendant's violation of the FLSA for Defendant's failure to pay Plaintiffs and similarly situated employees not less than the federally-mandated minimum wage rate for all hours worked in individual work weeks as described more fully in paragraphs 11, 13, *supra*.

43. Defendant suffered or permitted Plaintiff and similarly situated employees to work during multiple weeks in the three years prior to Plaintiff filing this lawsuit.

44. Plaintiff was not exempt from the minimum wage provisions of the FLSA.

45. Plaintiff was entitled to be paid not less than the federally-mandated minimum wage for all compensable time in individual work weeks.

46. Defendant did not pay Plaintiff the federally-mandated minimum wage for all compensable time in individual work weeks.

47. Defendant suffered or permitted other similarly situated, non-exempt employees to work who were likewise entitled to be paid not less than the federally-mandated minimum wage for all compensable time in individual work weeks.

48. Defendant did not pay other persons similarly situated the federally-mandated minimum wage for all compensable time in individual work weeks.

49. Defendant's failure to pay Plaintiff and other persons similarly situated the federally-mandated minimum wage rate for all compensable time in individual work weeks was a violation of the FLSA.

50. Plaintiff and other persons similarly situated are entitled to recover unpaid minimum wages for up to three years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful.

WHEREFORE, Plaintiff and the class they represent pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. Plaintiff's consent to represent is attached hereto as Group Exhibit A;

B. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage rate paid to Plaintiff and similarly situated employees.

C. Liquidated damages in the amount equal to the unpaid minimum wages;

D. That the Court declare that Defendant has violated the FLSA;

E. That the Court enjoin Defendant from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

G. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Minimum Wage Law – Minimum Wages**
**Plaintiff on behalf of himself and similarly situated employees**
*Class Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 50 as though set forth herein.

51. This Count arises from Defendant' violation of the IMWL for Defendant's failure to pay Plaintiff and the Class he represents the Illinois-mandated minimum wages for all hours worked in individual work weeks as described more fully in paragraphs 11, 13, *supra*.

52. Defendant suffered or permitted Plaintiff and similarly situated employees to work during multiple weeks in the three years prior to Plaintiff filing this lawsuit.

53. Plaintiff was not exempt from the minimum wage provisions of the IMWL.

54. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all compensable time in individual work weeks.

55. Defendant did not pay Plaintiff the Illinois-mandated minimum wage for all compensable time in individual work weeks.

56. Defendant suffered or permitted other similarly situated, non-exempt laborers to work who were likewise entitled to be paid not less than the Illinois-mandated minimum wage for all compensable time in individual work weeks.

57. Defendant did not pay other persons similarly situated the Illinois-mandated minimum wage for all compensable time in individual work weeks.

58. Defendant's failure to pay Plaintiff and other persons similarly situated the Illinois-mandated minimum wage rate for all compensable time in individual work weeks was a violation of the IMWL.

59. Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

60. The Class that Plaintiff seeks to represent in regards to the minimum wage claims arising under the IMWL is composed of and defined as all persons who have been employed by Defendant since June 18, 2011 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all back wages due to Plaintiff and the Class as

      provided by the IMWL;

C.     Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     That the Court declare that Defendant has violated the IMWL;

E.     That the Court enjoin Defendant from violating the IMWL;

F.     Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

G.     Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the IWPCA – Unpaid Wages
### Plaintiff on behalf of himself and other similarly situated employees
*Class Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 60 of this Complaint as though set forth herein.

61.     This Count arises from Defendant's violation of the IWPCA for Defendant's failure to compensate Plaintiff and other similarly situated employees for all hours worked at the rate agreed to by the parties.

62.     During the course of his employment with Defendant, Plaintiff had an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

63.     Defendant did not pay Plaintiff for all hours worked at the rate agreed to by the parties, as described more fully in paragraphs 10,11, 14 *supra*.

64.     Other similarly situated employees were likewise not compensated by Defendant for all time worked at the rate agreed to by the parties in certain work weeks.

65.     Defendant' failure to pay Plaintiff and other similarly situated employees for all hours worked at the rate agreed to by the parties violated the IWPCA.

66. Plaintiff and other similarly situated employees were entitled to be paid for all hours worked at the rate agreed to by the parties.

67. Plaintiff and other similarly situated employees are entitled to recover owed wages for a period of ten (10) years prior to the filing of this lawsuit.

68. The Class that Plaintiff seeks to represent in regard to the claim for unpaid wages arising under the IWPCA is composed of and defined as all persons who have been employed by the Defendant since June 18, 2004 to the date a final judgment is entered in this matter and who have not been paid wages for all hours worked at the rate agreed to by the parties.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all back wages due Plaintiffs and the Class as provided by the IWPCA;

C. That the Court declare that Defendant has violated the IWPCA;

D. That the Court enjoin Defendant from violating the IWPCA;

E. Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/1 *et seq*; and

F. Such other and further relief as this Court deems appropriate and just.

### COUNT VI
**(Violation of the Illinois Wage Payment and Collection Act –Unauthorized Deductions)**
**Plaintiff on behalf of himself and other similarly situated employees**
*Class Action*

Plaintiff incorporates and realleges paragraphs 1 through 68 as though set forth herein.

69. This Count arises from Defendant's violation of the IWPCA for its policy of making deductions for uniform costs from Plaintiff's and similarly situated employees' wages as described in paragraphs 15, *supra*.

70. Defendant's policy of deducting uniform and others costs from Plaintiff's and similarly situated employees' wages violated Section 9 of the IWPCA.

71. The deductions made from Plaintiff's and the Class' wages by Defendant were not:

    a. required by law;

    b. not pursuant to a wage assignment or wage deduction order; and

    c. not made with the Plaintiff's written consent, freely given at the time of the deduction.

72. Plaintiff and the Class he represents are entitled to recover all unauthorized deductions for a period of ten (10) years prior to the filing of this lawsuit.

73. The Class that Plaintiff seeks to represent in regard to the claims for unauthorized deductions arising under the IWPCA is composed of and defined as all individuals employed by Defendant since June 18, 2004 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all unauthorized deductions due Plaintiff and the Class as provided by the IWPCA;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 115/1 et seq;

D. That the Court declare that Defendant violated the IWPCA;

E. That the Court enjoin Defendant from continuing to violate the IWPCA;

F. Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/1 *et seq.*;

G. Such other and further relief as this Court deems appropriate

**COUNT VII**
**Violation of the IPWA – Prevailing Wages**
**Plaintiff on behalf of himself and other similarly situated employees**
*Class Action*

Plaintiffs incorporate and re-allege paragraphs 1 through 73 of this Complaint as though set forth herein.

74. This Count arises from Defendant's violation of the IPWA for Defendant's failure to pay Plaintiff and other similarly situated laborers at the stipulated prevailing wage rate for all work performed by Plaintiff and other similarly situated employees on public works projects.

75. Defendant was a contractor or subcontractor on multiple public works projects from at least June 2009 through the present. See paragraphs 17-19,, *supra*.

76. Defendant employed Plaintiff and other similarly situated employees as "laborers, workers, or mechanics," on multiple public works projects in Illinois, as defined by the IPWA, 820 ILCS 130/2. See paragraphs 17-19, *supra*.

77. Defendant employed Plaintiff and other similarly situated employees on public works projects in Illinois pursuant to contracts or subcontracts with institutions supported in whole or in part by public funds.

78. Pursuant to the IPWA, Plaintiff and other similarly situated employees were entitled to be compensated at the general prevailing rate of hourly wages.

79. Defendant was obligated to compensate Plaintiff and other similarly situated employees at no less than the general prevailing rate of hourly wages for periods of time Plaintiff performed work for Defendant on Illinois state and municipal "public works," as defined by the IPWA.

80. Plaintiff was not compensated at the general prevailing rate of hourly wages for work he performed for Defendant on "public works" projects as defined by the IPWA.

81. Other similarly situated employees were also not compensated at the general prevailing rate of hourly wages for work they performed for Defendant on "public works" projects as defined by the IPWA.

82. Under the IPWA, "public works means all fixed works constructed for public use by any public body," or "paid for wholly or in part out of public funds." 820 ILCS 130/2. The multiple public works projects performed by Defendant were fixed and were constructed for public use, paid for in part by public funds, within the meaning of the IPWA.

83. In failing to compensate Plaintiff and other similarly situated employees at the general prevailing rate of hourly wages for work they performed for Defendant on "public works" projects, Defendant violated the IPWA.

84. Pursuant to 820 ILCS 130/11, Plaintiff and other similarly situated employees are entitled to recover the difference between the wages paid and the prevailing rate of hourly wages, plus punitive damages in the amount of two percent (2%) per month of the amount of any penalty to the State of Illinois.

74. The Class that Plaintiff seeks to represent in regard to the claim for unpaid prevailing wages arising under the IPWA is composed of and defined as all persons who have been employed by Defendant since June 18, 2009 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of the difference between wages paid and the prevailing wage rate for all employment on public works and fringe benefits, plus interest;

C. That the Court declare that Defendant has violated the IPWA;

D. That the Court enjoin Defendant from violating the IPWA;

E. Punitive damages pursuant to the formula set forth in 820 ILCS 130/11;

F. Reasonable attorneys' fees and costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: June 18, 2014

s/Alvar Ayala
ALVAR AYALA
CHRISTOPHER J. WILLIAMS
Workers' Law Office, PC
401 S. LaSalle, Suite 1400
Chicago, Illinois 60605
(312) 795-9121

Attorneys for Plaintiff